FILED
SUPERIOR COURT
OF GUAM

2025 JUN 11 PM 3: 34

CLERK OF COURT

BY:_____ ᶴᵐⁱᵍⁱ_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| WAYSON W. S. WONG,<br><br>Plaintiff,<br><br>vs.<br><br>CYFRED, LTD., and LEONARD FRANCIS GILL aka FRANCIS GILL,<br><br>Defendants. | CIVIL CASE NO. <u>CV0425-18</u><br><br>**DECISION AND ORDER GRANTING AWARD OF ATTORNEY'S FEES AND COSTS** |

Plaintiff Wayson W. S. Wong moves the Court for an award of attorney's fees and costs, presenting the question of whether an attorney who represents himself may be awarded such fees and costs. In examining the rationales of various jurisdictions as well as the specific circumstances of this case, the Court adopts jurisprudence permitting the recovery of attorney's fees and costs in this case. Accordingly, the Court GRANTS Wong's Motion for Attorney's Fees and Costs with the final balance of attorney's fees to be determined pending the disposition of supplemental briefing related to reasonableness.

## I. LAW AND DISCUSSION

Guam follows the American Rule, which holds that "parties bear their own litigation expenses, including attorney's fees." *Fleming v. Quigley*, 2003 Guam 4 ¶7. An exception to this rule exists when attorney's fees are allowed by contract. *Id.* That is the situation here. As part of a Settlement Agreement involving Wong's clients and Defendant Cyfred, Ltd., the parties executed a promissory note in favor of Wong. Dec. & Order Re Pl.'s Mot. Partial Summ. J. & Def.'s Counter-Mot. Partial Summ. J. at 1 (May 16, 2019). The note stated,



Maker agrees to pay all costs of collection and reasonable attorney's fees incurred by the Holder in enforcing this Note and in enforcing any lien or security interest which secures this Note upon the occurrence of any event of default, whether or not suit is brought and whether or not a final judgment is obtained.

Wong filed this action to enforce the Note. Following a partial summary judgment ruling and jury verdict, the Court awarded Wong a judgment of $200,619.74, together with post judgment interest of 6% per year on the unpaid balance of the Judgment. Am. J. (Jan. 21, 2025). Wong now argues that as the prevailing party, he is entitled to obtain an award for his reasonable attorney's fees and all costs of collection incurred in enforcing the Note. Pl.'s Mem. P. & A. in Supp. Mot. Atty.'s Fees & Costs at 2 (Jan. 21, 2025); V. Compl., Ex. 1 at 2 (Apr. 30, 2018).

## A. Entitlement of Pro Se Representation to Attorney's Fees

The Court here determines if an attorney appearing pro se is entitled to an award of attorney's fees and costs.[1] The parties identify a split in how jurisdictions approach this issue.

Cyfred identifies authorities in Arizona, California, Idaho, South Carolina, Utah, and Wyoming that have barred recovery of attorney's fees for pro se attorneys. Def.'s Opp'n to Mot. Atty.'s Fees at 4-13. Cyfred argues that under the terms of the note, Wong is entitled to attorney's fees "incurred" and Wong has not actually incurred an expense in representing himself. It cites a Supreme Court of Wyoming case that follows a definition of incur as "to become liable or subject to" and determined that because the attorney representing himself in

---

[1] Wong argues that he was represented by his professional corporation, with him acting as the attorney for this corporation, for the majority of litigation and thus was not acting pro se. The Guam Supreme Court in *Barrett-Anderson v. Camacho* determined that attorneys cannot establish an attorney-client relationship with themself. 2018 Guam 20 ¶ 26. From this reasoning, the Court determines that Wong cannot establish an attorney-client relationship with himself, even if he made filings through his professional corporation. Because of this lack of attorney-client relationship, the Court determines that Wong acted pro se throughout the entirety of his representation.

ORIGINAL

that case was "never liable for or subject to his own attorney fees, he did not incur any fees." *Id.* at 6; *Fix v. Forelle*, 327 P.3d 745, 758 ¶ 17 (Wyo. 2012). It further cites a California case where the court again found that attorney's fees could not be incurred because the attorney "did not incur a liability to pay an attorney fee since he represented himself." Def.'s Opp'n to Mot. Atty.'s Fees at 6; *City of Long Beach v. Sten*, 274 P. 968, 969 (Cal. 1929). Cyfred states that Guam law requires "the language of a contract [] govern its interpretation, if the language is clear and explicit, and does not involve absurdity" and as such the Court should find that Wong has failed to incur attorney's fees and cannot avail of them under the Note. Def.'s Opp'n to Mot. Atty.'s Fees at 7; 18 GCA § 87104. Cyfred further makes policy arguments that awarding attorney's fees would be unfair to non-attorney pro se litigants, discriminatory, undermine the integrity of the judicial system, and result in protracted litigation for the attorneys. Def.'s Opp'n to Mot. Atty.'s Fees at 10-12 (citing caselaw from aforementioned jurisdictions).

On the other hand, Wong identifies authorities in Alaska, Florida, Montana, Oklahoma, New Jersey, New York, Texas, and Washington that have supported recovery of attorney's fees for pro se attorneys. Pl.'s Reply Mem. at 4-6, Ex. 5. Some of these jurisdictions require specific conditions for this type of recovery to occur, such as Alaska basing a recovery on the existence of a civil rule and Florida allowing recovery when the suit is frivolous. *Burrell v. Hanger*, 650 P.2d 386 (Alaska 1982); *Friedman v. Backman*, 453 So. 2d 938 (Fla. Dist. Ct. App. 1984). However, other jurisdictions permit recovery without these conditions and find that there are no public policy concerns. *McMahon v. Schwartz*, 438 N.Y.S.2d 215, 219 (Civ. Ct. 1981). Courts have found that even though attorneys may have not become liable for these fees, there is "better reasoning" to support an award of fees because "lawyers who represent themselves must take time from their practices to prepare and appear as would any other lawyer" and that "overall



costs may be saved because lawyers who represent themselves are more likely to be familiar with the facts of their cases." *Leen v. Demopolis*, 815 P.2d 269, 277 (Wash. Ct. App. 1992). Jurisdictions have also found a basis for recovery because regardless of who performed the legal services "it can make no difference to the defeated party, who is by law bound to pay the costs of the attorney of the prevailing party whether that attorney is the prevailing party himself or another attorney employed by him." *Winer v. Jonal Corp.*, 545 P.2d 1094, 1096-7 (Mont. 1976).

Here, the Court finds the jurisprudence provided by Wong persuasive in balancing the merits of awarding fees versus not awarding fees. More importantly, the Court finds that the parties to the Note intended and understood that Wong would be involved in the recovery on the Note. The parties have been engaged in a long history of litigation—the Settlement Agreement and note being the culmination of over a dozen years of litigation to that point. As evident from facts revealed in other cases, particularly *Peter v. Cyfred*, CV0426-18, Wong spent over a year working with Cyfred on the terms of the Settlement Agreement. At all times during the contentious cases between Wong's clients and Cyfred, Wong was the primary attorney on issues pertaining to the Gill-Baza subdivision. By the time of the trial in this case, Cyfred and Wong and his clients had been in litigation with each other for twenty-five years.

The Court places heavy weight on these factors—the many years of litigation between the parties and Cyfred being well aware that Wong is an attorney when it agreed to the Note with a provision for collecting attorney's fees and costs. The Court believes that considering these facts helps in interpreting the intent of the parties when they agreed to the attorney's fees provision of the Note, which the Court sees as compensating Wong for fees he likely would have incurred in representing himself. Given this knowledge, Cyfred should have been prepared for Wong to collect attorney's fees if he were to bring an action for them, regardless of whether he


ORIGINAL

represented himself or employed another to represent him. Thus, on top of adopting the rationale from cases cited by Wong, the Court finds Wong is entitled by contract to collect his attorney's fees and costs.

As a final note, the Court also finds that the "costs of collection" includes costs such as the GRT Wong pays on his legal services. While taxes may not be a taxable item under CVR 54.1, "costs of collection" are an item that Cyfred contractually agreed to pay. It was foreseeable that not only would Wong represent himself, but that costs of collection would be incurred, and that would include the taxes that Wong would have to pay the territory of Guam related to his fees. Accordingly, the Court intends to include accrued GRT in its final award.

### B.        Reasonableness of Wong's Attorney's Fees

Cyfred argues that the attorney's fees requested by Wong are unreasonable and requests that if attorney's fees and costs are awarded to Wong it be allowed to conduct a deposition to determine reasonableness. Def.'s Opp'n to Mot. Atty.'s Fees at 14. It further states that Wong impermissibly requests fees for his time spent as a witness in the case and that Wong requests GRT which are not attorney fees or costs associated with litigation. Def.'s Opp'n to Mot. Atty.'s Fees at 17.

Wong agrees to a deposition via Zoom and proposes that Cyfred be required to provide supplemental opposing memorandum limited to the scope of the deposition 30 days thereafter, with Wong's reply due an additional 14 days later. Pl.'s Reply Mem. in Resp. Def.'s Opp'n to Mot. Atty.'s Fees at 7.

The Court GRANTS Cyfred's request for a deposition given Wong's consent and adopts the proposed schedule on supplemental materials proposed by Wong. The Court, however, does take this opportunity to clarify its stance on Cyfred's arguments about Wong's fees relating to


ORIGINAL

being a witness. Given the Court's position that Wong brought this case as himself and represented himself pro se, the Court does not believe it is appropriate for Wong to be awarded attorney's fees for time spent as a witness. Wong argues that he has not accounted for this time and that he "billed for the time he spent as his attorney for him as a witness, who had to ask the questions, listen to the answers given and address objections to either the questions or the answer." Pl.'s Reply Mem. in Resp. Def.'s Opp'n to Mot. Atty.'s Fees at 7. The Court finds that for any time spent on the witness stand, regardless of if Wong had to listen to questions or address objections, should not be part of his accounting for attorney's fees.

## II. CONCLUSION AND ORDER

The Court determines that Wong acted pro se for the entirety of his representation, regardless of whether he made filings through his professional corporation. It further finds that Wong is entitled to an award of attorney's fees given that Cyfred was aware that Wong is an attorney and agreed to the provisions of the Promissory Note that allowed for a recovery of attorney's fees. The Court accordingly GRANTS Wong's Motion for Attorney's Fees and Costs. The Court, however, GRANTS Cyfred's request to conduct a deposition of Wong to determine the reasonableness of these fees. Cyfred's supplemental memorandum on the reasonableness of Wong's attorney's fees is due 30 days after the deposition, and Wong's reply is due 14 days after Cyfred's supplemental memorandum. Further, the Court requests that Wong update his accounting of his attorney's fees and remove any time spent as a witness, and file this update within 14 days.

**SO ORDERED, 11 June 2025.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

ORIGINAL

Appearing Attorneys:
Wayson W.S, Wong, Esq., self-represented
Curtis C. Van de veld, Esq., The Vandeveld Law Offices, P.C. for Defendants Cyfred, Ltd. &
   Francis Gill

